IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY STAFFORD, | : | |
| Plaintiff, | : | Case No. 2:04-cv-178 |
| v. | : | Judge Holschuh |
| FRANKLIN COUNTY OHIO, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

## Memorandum and Order

Plaintiff brings this action pursuant to 42 U.S.C. §1983 alleging that Defendants James Green and Michael Fraley used excessive force against him in violation of the Fourth Amendment to the United States Constitution.[1] Plaintiff also asserts a supplemental state law claim of assault and battery against Defendants Green and Fraley. This matter is now before the Court on Defendants' motion to dismiss due to Plaintiff's failure to properly obtain service of process within 120 days of filing a complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. #15).

**I. Background**

On January 16, 2000, Plaintiff was operating a booth at the Westland Flea Market in Columbus, Ohio when two deputies of the Franklin County Sheriff's Department, Defendants Green and Fraley, responded to a report that Plaintiff had pulled a gun and was threatening Flint Zuckerman, another employee of the flea market. (Complaint at ¶¶ 4-5). Plaintiff alleges that

---

[1] Plaintiff also asserted claims against Franklin County; Franklin County Sheriff's Department; Franklin County Sheriff Jim Karnes; and Flint Zuckerman. All claims against these defendants have been voluntarily dismissed.

Defendants Green and Fraley did not investigate Zuckerman's contentions before confronting Plaintiff. Instead, Plaintiff alleges that Defendants Green and Fraley ordered him to get on the ground and then repeatedly kicked him in the groin area and upper thigh. (Compl. at ¶6). Plaintiff also alleges that one of the officers held a gun to his head and threatened to shoot him if he moved. (Compl. at ¶8). Plaintiff contends that, as a result of this alleged incident, he suffered bruises to his groin and upper thigh, had blood in his urine for several days, and required treatment at Mount Carmel Medical Center. (Compl. at ¶11).

Following this alleged incident, Plaintiff was charged with Aggravated Menacing and transported to the Franklin County jail. (Compl. at ¶10). All charges against Plaintiff were ultimately dismissed. (Compl. at ¶18). Thereafter, on January 16, 2001, Plaintiff filed suit in the Franklin County Court of Common Pleas against Franklin County, the Franklin County Sheriff's Office, Sheriff Jim Karnes, Detectives Michael Fraley and James Green, and Flint Zuckerman. Defendants removed the case to this Court on February 26, 2001. (Stafford v. Franklin County, Case No. 2:01-CV-162 ("Stafford I")).

On September 30, 2002, the Court in Stafford I granted summary judgment to all of the County Defendants in their official capacities and in their individual capacities with the exception of Plaintiff's claims of excessive use of force and assault and battery asserted against Defendants Fraley and Green. (Stafford I, Memorandum and Order (September 30, 2002)). On March 4, 2003, Plaintiff entered a Stipulation of Dismissal, without prejudice, dismissing his two surviving claims against Defendants Fraley and Green in their individual capacities. (Stafford I, Stipulation of Dismissal (March 4, 2003)). On March 7, 2003, Plaintiff dismissed his remaining claim against Defendant Zuckerman without prejudice. (Stafford I, Stipulation of Dismissal (March 7, 2003)).

On March 3, 2004, Plaintiff re-filed his action against the defendants named in Stafford I.[2] On March 18, 2004, a representative of the Franklin County Prosecutor's Office, Mr. Sheeran, advised Plaintiff's counsel in a letter that the claims filed against all County Defendants, with the exception of the excessive use of force and assault and battery claims asserted against Defendants Fraley and Green in their individual capacities, should be dismissed immediately because those claims had already been adjudicated on the merits in Stafford I. (Sheeran's Letter attached to Plaintiff's Memo Contra to Defendant's Motion to Dismiss). On August 23, 2004, Plaintiff filed a Notice of Dismissal with Prejudice dismissing all claims with the exception of the individual capacity excessive use of force and assault and battery claims against Defendants Fraley and Green and the claim against Zuckerman. (Notice of Dismissal with Prejudice (August 23, 2004)). On January 3, 2005, Plaintiff voluntarily dismissed, with prejudice, Defendant Zuckerman from this case. (Notice of Dismissal with Prejudice (January 3, 2005)).

On March 5, 2004, Plaintiff attempted to serve Defendants Green and Fraley at the Franklin County Sheriff's Liaison Office via certified mail. (Affidavit of W. Jeffrey Moore at ¶4 attached to Notice of Completed Service and Memo of Plaintiff for Show Cause Order). The Franklin County Sheriff's Department refused service. (Moore's Aff. at ¶9). However, instead of sending the failed Return of Service to the United States District Court Clerk's Office, the United States Postal Service sent it back to Plaintiff's counsel's office.

On February 25, 2005, Magistrate Judge Kemp ordered Plaintiff to show good cause within 10 days why the action should not be dismissed and why an extension of time to effect

---

[2] Plaintiff added three additional claims: a ratification claim (Compl. at ¶13) a claim pursuant to the 8th Amendment of the U.S. Constitution (Compl. at ¶23) and a claim pursuant to Article I, §9 of the Ohio Constitution (Compl. at ¶26).

service should be allowed. (Order, February 25, 2005). On March 3, 2005, Plaintiff served Defendants Fraley and Green with a copy of the summons and complaint and, on March 7, 2005, Plaintiff responded to the show cause order. On March 9, 2005, Defendants filed a motion to dismiss the action due to Plaintiff's violation of Rule 4(m) of the Federal Rules of Civil Procedure.

**II. Discussion**

    **A. Standard**

Rule 4(m) of The Federal Rules of Civil Procedure states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). The first clause of Rule 4(m) indicates that if a plaintiff has failed to serve a summons and complaint within 120 days after filing the complaint, the Court has discretion to either dismiss the complaint without prejudice or direct that service be effected within a specified time. See Henderson v. United States, 517 U.S. 654, 658 n. 5 (1996) (citations omitted); Davidson v. Weltman, 285 F.Supp.2d 1093, 1095 (S.D. Ohio, 2003); Osborne v. First Union Nat'l Bank of Del., 217 F.R.D. 405, 406 (S.D. Ohio, 2003); Vergis v. Grand Victoria Casino & Resort, 199 F.R.D. 216, 217 (S.D. Ohio, 2000); Wise v. Dept. of Defense, 196 F.R.D. 52, 55 (S.D. Ohio, 1999); Stewart v. TVA, No. 99-5723, 2000 LEXIS 29904, at *2 (6th Cir., November 21, 2000); Horn v. Dept. of Defense, No. C-3-97-550, 1999 LEXIS 21726, at *10 (S.D. Ohio, March 19, 1999). The second clause of Rule 4(m) then removes the Court's discretion if the plaintiff shows good cause for the failure. Osborne, 217 F.R.D. at 406.

4

However, the Advisory Committee Notes on Rule 4(m) indicate that a court may relieve a plaintiff of the consequences of an application of Rule 4(m) even if there is no good cause shown. Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendments. See also, Henderson, 517 U.S. at 658 n. 5; Osborne, 217 F.R.D. at 406. This Court must therefore determine if the plaintiff has demonstrated good cause for the delay in obtaining service. If not, the Court will then determine whether to exercise its discretion and allow the case to proceed.

**B. Application**

    **1. Good Cause**

A finding of good cause for an extension of time to serve a defendant is a matter of discretion entrusted to the district court. Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991). To demonstrate good cause a plaintiff must show at least excusable neglect. Stewart, 2000 LEXIS 29904, at *3 (citing Moncrief v. Stone, 961 F.2d 595, 597 (6th Cir. 1992)). The Sixth Circuit has established that inadvertence on the part of counsel or "half-hearted efforts" to serve a defendant within the statutory period do not constitute good cause. Friedman, 929 F.2d at 1157. Moreover, inadvertence on the part of a lawyer's clerical staff does not constitute good cause. Davis v. Brady, No. 92-6300, 1993 LEXIS 27692, at *7 (6th Cir. October 22, 1993) (citations omitted).

Plaintiff's counsel contends that he was unaware that Defendants had not been served based on the fact that Return of Service was not sent to the Court. Plaintiff's counsel indicated that his clerical staff received the Return of Service without his knowledge. However, as was discussed *supra*, inadvertence on behalf of a lawyer's clerical staff does not constitute good cause. Davis, 1993 LEXIS 27691, at *7.

5

Plaintiff's counsel also claims that he believed service had been obtained based on the letter Mr. Sheeran sent to him advising him to conform the complaint to the Stafford I order or face possible sanctions. (<u>Sheeran's Letter</u> attached to <u>Plaintiff's Memo Contra to Defendant's Motion to Dismiss</u>). Nowhere in that document did Mr. Sheeran indicate that he was representing Defendants. In any event, good cause cannot be found merely because Defendants had actual notice of the complaint. <u>Id.</u>, at *6 (citations omitted).

Finally, Plaintiff contends that Defendants will not be prejudiced in any way by allowing the case to proceed. However, good cause cannot be found merely because of a lack of prejudice to the defendant if additional time to effect service is granted. <u>Id.</u> Therefore, this Court concludes that Plaintiff has failed to show good cause for his delay in effecting service upon Defendants.

**2. Court's Discretion**

As was discussed *supra*, this Court has discretion to allow untimely service of process even in the absence of good cause. In determining whether to exercise this discretion, the Court will consider the following factors:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

<u>Nehls v. Hillsdale College</u>, No. 1:03-CV-140, 2004 LEXIS 8588, at *15 (W.D. Mich., February 20, 2004) (citations omitted). See also <u>Vergis</u>, 199 F.R.D. at 218; <u>Wise</u>, 196 F.R.D. at 54-57. At the outset, this Court notes that, in this Circuit, disputes should be resolved on their merits rather than procedural or technical grounds. <u>Vergis</u>, 199. F.R.D. at 218.

Defendants argue, and this Court agrees, that there is no indication that additional time, beyond the 120 days allowed under Rule 4(m), was required to effect service. Additionally, it is unclear whether Defendants had actual notice of the refiling of this action.

Defendants also argue that excusing Plaintiff's untimely service of process will prejudice their defense. Defendants note that, due to the transient nature of flea markets and their participants, witnesses may be very difficult to locate. However, Defendants were originally made aware of the claims against them in Stafford I. Additionally, even if Plaintiff had served Defendants within 120 days of the refiling of this action, it still would have been over four and a half years after the alleged incident that gave rise to the claims in this action. This Court cannot agree that an additional eight month delay significantly prejudiced Defendants.

Plaintiff argues that he made a good faith effort to effect service on Defendants Green and Fraley. Plaintiff contends that, in an effort to respect the officers' privacy, service was attempted at the officers' place of business. Counsel for Plaintiff contends that this is a common practice in the district, (Moore's Aff. at ¶6), while Defendants deny that any such custom exists when officers have been sued in their individual capacity. (Defendant's Reply Memo at p.2). This Court agrees that, at least initially, Plaintiff made a good faith effort to effect service on Defendants.

Finally, this Court notes that if this action is dismissed, it would appear that Plaintiff would be barred from re-filing his cause of action against Defendants.[3] This factor weighs

---

[3] Ohio's Savings Statute, Ohio Revised Code §2305.19(a), preserves a plaintiff's action if the plaintiff fails otherwise than upon the merits. However, Ohio courts have held that a plaintiff may not re-file under the Savings Statute more than once. Taynor v. General Motors, No. 3:04CV7433, 2004 LEXIS 24166, at *5 (N.D. Ohio, December 2, 2004) (citing Thomas v. Freeman, 79 Ohio St. 3d 221, 227 (1997)). See also Ater v. Follrod, 238 F.Supp.2d 928, 942 (S.D. Ohio, 2002); Gamble v. Patterson, 155 Ohio App. 3d 320, 324 (2003); Gruber v. Kopf Builders, 147 Ohio App. 3d 305, 309 (2001); Romine v. Ohio State Highway Patrol, 136 Ohio App. 3d 650, 653 (2000); Estate of Carlson v. Tippett, 122 Ohio App. 3d 489, 491(1997); Hancock v. Kroger, 103 Ohio App. 3d 266, 269 (1995). Therefore, because Plaintiff has already used the Savings Statute once for these claims, he will be unable to use it again.

strongly in Plaintiff's favor.  Upon consideration of all of the relevant factors, this Court concludes that Defendants' motion to dismiss is without merit.

**WHEREUPON**, Defendants' motion for dismissal (Doc. #15) is **DENIED**.

**IT IS SO ORDERED.**

June 28, 2005                                                                    /s/ John D. Holschuh
                                                                                          John D. Holschuh, Judge
                                                                                          United States District Court